HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Rebecca Irene Fisheries, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Carlos M. Gutierrez, Secretary of Commerce, United States Department of Commerce, National Oceanic and Atmospheric Administration; and the United States of America,<br><br>Defendants. | Case No.: 2:05-CV-00891 (RSL)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in the underlying administrative action, the parties have designated certain documents, material testimony or other information derived therefrom, as "Confidential" under the terms of the Protective Order entered by Administrative Law Judge Edwin Bladen on August 18, 2003. Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of

LAW OFFICES OF
MIKKELBORG, BROZ, WELLS & FRYER PLLC
SUITE 3600
1001 FOURTH AVENUE,
SEATTLE, WASHINGTON 98154-1115

customers, inventories, amount or source of any income, profits, losses or expenditures of any persons, firm, partnership, corporation, or other organization involved in this proceeding, the disclosure of which information will have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. Some or all of the documents submitted in the underlying administrative action that contain confidential information are now part of the administrative record in the present case. To ensure against the improper disclosure of confidential information contained within the administrative record, the parties hereby stipulate to this protective order.

3. Confidential documents have been designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition, conference hearing or trial may have been designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.

5. Confidential Information shall be disclosed only to the following persons:

a. parties to this action or to any enforcement proceeding, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of such action;

b. Counsel of record for the parties to this proceeding, including secretaries, paralegals and other staff persons employed by such counsel;

LAW OFFICES OF
MIKKELBORG, BROZ, WELLS & FRYER PLLC
SUITE 3600
1001 FOURTH AVENUE,
SEATTLE, WASHINGTON 98154-1115

c. Independent experts or consultants retained by the parties to assist in this action or the prosecution, defense or settlement of this or any other enforcement proceeding;

d. Deposition witnesses, during their depositions, or proceeding witnesses, where necessary or helpful to their testimony.

e. the Court;

f. any other person as to whom the parties in writing agree.

6. Prior to the disclosure of any Confidential Information in accordance with paragraph 4 of this Protective Order to any person other than counsel for the parties or the Court, such person shall first be required to execute the Certificate attached as Exhibit A indicating his or her agreement to comply with and be bound by the terms of this Protective Order. Intentional violation of the terms of this Order constitutes contempt of a court order.

7. Prior to the disclosure of any Confidential Information to any individual or entity other than in accordance with paragraph 4 of this Protective Order, the party intending to disclose the information must first advise the opposing party. Reasonable notice of intent to disclose confidential information must be given to counsel of record so that a party or entity protected by this Protective Order has sufficient time to oppose such disclosure and seek additional or different protection from the Court, if necessary.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.



LAW OFFICES OF
MIKKELBORG, BROZ, WELLS & FRYER PLLC
SUITE 3600
1001 FOURTH AVENUE,
SEATTLE, WASHINGTON 98154-1115

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential is included in any papers to the Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. The terms of this Protective Order shall survive and remain in full force and effect after the termination of this litigation.

DATED this 25th day of October, 2005.

Mikkelborg, Broz, Wells & Fryer

/s/ Douglas M. Fryer
(authorized by e-mail)

______________________________
Douglas M. Fryer, WSBA #01852
1001 Fourth Avenue, Suite 3600
Seattle, WA 98154
(206) 623-5890
(206) 623-0965 (Facsimile
dfryer@mikkelborg.com

Attorneys for Plaintiff

U.S. Department of Justice

Kelly A. Johnson
Acting Assistant Attorney General
Jean E. Williams, Section Chief
Lisa L. Russell, Assistant Section Chief

/s/ James A. Maysonett
By: ______________________________
James A. Maysonett DCBA #463856
Wildlife and Marine Resources Section
Environment and Natural Resources Division
Benjamin Franklin Station
P.O. Box 7369

**STIPULATION AND PROTECTIVE ORDER**
**No.** 2:05-CV-00891 (RSL) **-** 4

LAW OFFICES OF
MIKKELBORG, BROZ, WELLS & FRYER PLLC
SUITE 3600
1001 FOURTH AVENUE,
SEATTLE, WASHINGTON 98154-1115

Washington D.C. 20044-7369
(202) 305-0216
(202) 205-0275 (Facsimile)
James.A.Maysonett@usdoj.gov

Attorneys for Defendants

IT IS SO ORDERED

DATED October 27, 2005.

Robert S. Lasnik
United States District Judge

Presented by:

Mikkelborg, Broz, Wells & Fryer

/s/ Douglas M. Fryer (authorized by e-mail)

Douglas M. Fryer, WSBA #01852
1001 Fourth Avenue, Suite 3600
Seattle, WA 98154
(206) 623-5890
(206) 623-0965 (Facsimile
dfryer@mikkelborg.com

Attorneys for Plaintiff

U.S. Department of Justice
Kelly A. Johnson, Acting Assistant Attorney General
Jean E. Williams, Section Chief
Lisa L. Russell, Assistant Section Chief

/s/ James A. Maysonett
By: ______________________________
James A. Maysonett DCBA #463856
Wildlife and Marine Resources Section
Environment and Natural Resources Division

Benjamin Franklin Station
P.O. Box 7369
Washington D.C. 20044-7369
(202) 305-0216
(202) 205-0275 (Facsimile)
James.A.Maysonett@usdoj.gov

Attorneys for Federal Defendants

**STIPULATION AND PROTECTIVE ORDER**
**No.** 2:05-CV-00891 (RSL) **-** 6

LAW OFFICES OF
MIKKELBORG, BROZ, WELLS & FRYER PLLC
SUITE 3600
1001 FOURTH AVENUE,
SEATTLE, WASHINGTON 98154-1115