1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                        )
REBECCA IRENE FISHERIES, LLC,          )
                                                        )          Case No. C05-0891L
                              Plaintiffs,              )
            v.                                            )
                                                        )          ORDER DENYING PLAINTIFF'S
CARLOS M. GUTIERREZ, *et al.*,            )          MOTION FOR STAY OF PERMIT
                                                        )          SUSPENSION AND PENALTIES
                              Defendants.            )
_____)

        This matter comes before the Court on "Plaintiff's Motion for Stay of Permit

Suspension and Penalties." Dkt. # 16.  Plaintiff argues that defendants should be preliminarily

enjoined from enforcing civil penalties and a permit suspension until this Court has had an

opportunity to review the underlying agency action.

        In determining whether to grant a stay or preliminary injunction in the

circumstances presented here, the Ninth Circuit would consider: (1) the likelihood of plaintiff's

success on the merits; (2) the possibility of irreparable injury to plaintiff if an injunction is not

issued; (3) the extent to which the balance of hardships favor plaintiff; and (4) whether the

public interest will be advanced by the injunction.  See Miller v. California Pac. Med. Ctr., 19

F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,

634 F.2d 1197, 1201 (9th Cir. 1980).  The analysis is often compressed into a single continuum

where the required showing of merit varies inversely with the showing of irreparable harm.  See

ORDER DENYING PLAINTIFF'S
MOTION FOR STAY

United States v. Odessa Union Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987).  Thus, plaintiff may be entitled to preliminary relief if it is able to show "either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor."  El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1038 (9th Cir. 2003) (quoting A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2002)).

Having reviewed the memoranda and declarations submitted by the parties, the Court finds as follows:

(1) Plaintiff has not attempted to show that the assessment of a $240,000 civil penalty was erroneous or that it would be irreparably harmed if it had to pay that amount on January 1, 2006. Plaintiff is not, therefore, entitled to a preliminary injunction regarding the civil penalties assessed by the National Oceanic and Atmospheric Administration ("NOAA").

(2) Plaintiff's motion for stay was filed shortly after it became evident that the cross-motions for summary judgment would not likely be resolved until after the January 1, 2006, permit suspension date.  The 30-day delay in seeking injunctive relief is minor and does not preclude a finding of irreparable harm or militate against the exercise of this Court's equitable powers.

(3) Without addressing the standard used to review agency decisions, plaintiff argues that it has raised serious questions regarding the merits of the agency action.  Under the Magnuson Act and the Administrative Procedure Act, the permit suspension imposed by NOAA must be upheld if it is supported by substantial evidence in the record, even if the Court might reach a different conclusion based on its own review of the same evidence.  See 16 U.S.C. § 1858(b); Washington v. Garrett, 10 F.3d 1421, 1438 (9th Cir. 1993).  "Substantial evidence" is relevant evidence that a reasonable person might accept as adequate to support the agency's conclusion

ORDER DENYING PLAINTIFF'S
MOTION FOR STAY                    -2-

1
2
in light of the record as a whole.  See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 2001).

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
Plaintiff raises three challenges to the agency's decision to suspend plaintiff's permit as of January 1, 2006.  First, plaintiff argues that the suspension of its permit for the winter fishing season should be reversed because the Administrative Law Judge ("ALJ") provided no analysis regarding why that season was selected or whether the statutory criteria supported such a choice.  Plaintiff has not argued, much less shown, that the ALJ's decision to assess penalties that were different from those sought by the agency violated the governing regulations.  The only regulation cited by plaintiff, 15 C.F.R. § 904.108(a), sets forth criteria that the agency must take into account when assessing a civil penalty:  its applicability to a suspension decision is not clear.  Second, plaintiff argues that a remand to the agency is necessary because false testimony presented to the ALJ is reasonably likely to have affected the outcome of the administrative decision-making process.  The issue, however, is whether there is substantial evidence in the record to support the agency's final decision.  Other than a bare assertion of materiality, plaintiff does not attempt to show that Mr. Haggard's testimony affected the penalties assessed: the Court is left to guess whether the testimony was duplicative and how it was treated by the ALJ.  Finally, plaintiff asserts that the agency abused its discretion by imposing penalties that were significantly greater than those recommended in NOAA's Published Schedules of Penalties, without explanation.  Although the agency may not deviate from published guidelines in an irrational manner (see Lobsters, Inc. v. Evans, 346 F. Supp. 2d 340, 348-49 (D. Mass. 2004) (citing INS v. Yang, 519 U.S. 26, 32 (1996)), there is a dispute regarding the extent to which the agency explained the need to increase the penalties in this case to address the egregious and systematic violations that occurred.

24
25
In light of the foregoing, the Court finds that plaintiff has not established a likelihood of success on the merits of any of its arguments.  The Court will assume, however,

26
ORDER DENYING PLAINTIFF'S
MOTION FOR STAY                            -3-

that plaintiff has raised one or more serious questions regarding the agency's decision to suspend plaintiff's permit for the winter season.

(4) Plaintiff has not shown that the balance of hardships tips sharply in favor of an injunction. The winter fishing season is scheduled to begin on January 1, 2006, and will likely run until the beginning of March. The parties' cross-motions for summary judgment are noted on the Court's calendar for December 23, 2005, and the Court will make every effort to expedite its rulings on these motions. Even if plaintiff is successful in its challenge to the agency action, a ruling in the first few weeks of January will significantly reduce its and its crew members' projected losses. More importantly, the possibility of financial loss to the Rebecca Irene, its captain, and its crew do not outweigh the difficulties that may arise from precipitous judicial interference in enforcement actions and the public's interest in marine resources. NOAA has as one of its primary objects the effective management of the North Pacific fisheries with the goal of ensuring future harvests for the Rebecca Irene, other ships fishing in these waters, and the public at large. Plaintiff, its captain, and its crew were found to have engaged in behavior designed to evade the requirements of the Magnuson Act and its regulations, thereby endangering the marine resources on which their livelihood depends and apparently increasing their bycatch of protected species. The agency's decision to preclude plaintiff from participating in this year's winter season is not simply a penalty for past misconduct: it may also help redress injuries caused by plaintiff's actions and show both plaintiff and other fishing companies that the agency has the means and the will to enforce the Magnuson Act in a meaningful and timely manner. In the circumstances presented here, the interests of both the agency and the public militate against an injunction and the potential losses of plaintiff and its crew do not outweigh those interests.

ORDER DENYING PLAINTIFF'S
MOTION FOR STAY                    -4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

For all of the foregoing reasons, plaintiff's motion for stay is DENIED.


DATED this 14th day of December, 2005.


_MM S Lasnik_
Robert S. Lasnik
United States District Judge


ORDER DENYING PLAINTIFF'S
MOTION FOR STAY                          -5-